UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00474-FDW-DSC

| | | |
|---|---|---|
| NILOUFAR SANIRI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| CHRISTENBURY EYE CENTER, P.A., | ) | |
| JONATHAN CHRISTENBURY, M.D. and | ) | |
| ELLIE PENA-BENARROCH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

THIS MATTER is before the Court upon Defendants' partial Motion to Dismiss (Doc. No. 28) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff responded (Doc. No. 37), and Defendant replied to Plaintiff's response (Doc. No. 39). This matter is now ripe for review. For the following reasons, the Court DENIES Defendants' Motion.


**I. BACKGROUND**

Plaintiff, Niloufar Saniri, is a former employee of Defendant, Christenbury Eye Center ("CEC"). (Doc. No. 23, p. 2). Defendant, Jonathan Christenbury, M.D., is the majority shareholder of CEC, and Defendant, Ellie Pena-Benarroch, is its Chief Operating Officer. Id. at 3.

On or about July 11, 2017, Plaintiff filed her action against Defendants in Mecklenburg County Superior Court. (Doc. No. 1, p. 2). Defendants timely filed a Notice of Removal on August 11, 2017, asserting federal question jurisdiction. On October 3, 2017, Plaintiff filed her corrected Amended Complaint stating the following eight causes of action: (1) violations of Title VII based on sex, *quid pro quo* sexual harassment, hostile work environment based on sex, retaliation, and

wrongful termination against CEC and Dr. Christenbury; (2) wrongful discharge in violation of public policy based on sex against CEC and Dr. Christenbury; (3) assault against CEC and Dr. Christenbury; (4) battery against Dr. Christenbury and CEC; (5) intentional infliction of emotional distress against CEC and Dr. Christenbury; (6) intentional infliction of emotional distress against Pena-Benarroch; (7) North Carolina Wage and Hour violations against all Defendants; and (8) breach of contract against CEC and Dr. Christenbury. (Doc. No. 23, p. 36-53).

The claims stem from Plaintiff's employment relationship with Defendants beginning at an undisclosed time in the fall of year 2014. Id. at 23. Plaintiff alleges that she worked in a marketing capacity with CEC but also performed personal assistant services for Dr. Christenbury for which she was paid in cash. Id. During her tenure with CEC, Plaintiff alleges that she was subjected to sexual harassment, hostile work environment, retaliation, intentional infliction of emotional distress, and wrongful termination. Id. at 1. Plaintiff filed two charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and received notices of right to sue on or about March 31, 2017. Id. at 4.

Defendants filed this Motion to Dismiss on October 31, 2017. (Doc. No. 28). Plaintiff responded (Doc. No. 37), Defendants Replied (Doc. No. 39), and this motion is now ripe for review.


## II. STANDARD OF REVIEW

Plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before

considering the merits of the case.  <u>Jones v. Am. Postal Workers Union</u>, 192 F.3d 417, 422 (4th Cir. 1999).  When a defendant challenges subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  <u>Richmond</u>, 945 F.2d at 768.  The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  <u>Id</u>.  <u>See also</u> <u>Evans v. B.F. Perkins Co.</u>, 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992); <u>Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership</u>, 213 F.3d 175, 180 (4th Cir. 2000).  A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 697 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)); <u>see also</u> <u>Robinson v. American Honda Motor Co., Inc.</u>, 551 F.3d 218, 222 (4th Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Id</u>.  The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56) (internal citations omitted).


# III. ANALYSIS

## A. Plaintiff's Title VII claims against Dr. Christenbury survive.

### a. Plaintiff did not fail to exhaust her administrative remedies as to Dr. Christenbury.

Defendants argue that Plaintiff's Title VII claims against Dr. Christenbury should be dismissed pursuant to Rule 12(b)(1) because Plaintiff failed to exhaust her administrative remedies as to him. (Doc. No. 29, p. 3). While Plaintiff did file two Charges of Discrimination with the EEOC, Defendants argue that because Plaintiff did not name Dr. Christenbury as a party in either of the two charges, the Title VII claims must be dismissed. Id. at 4. Plaintiff retorts that Dr. Christenbury was adequately named as he was referenced by name multiple times in both charges. (Doc. No. 37, p. 5). For the reasons that follow, the Court determines that the EEOC charges did adequately name Dr. Christenbury.

An EEOC charge must sufficiently describe the alleged discriminatory acts and identify the accused parties so as to (1) notify the EEOC and the employer of the scope of the allegations and (2) provide an opportunity for voluntary compliance. Chacko v. Patuxent Inst., 429 F.3d 505, 508-510 (4th Cir. 2005). Title VII does not require procedural exactness, however, and because EEOC charges are often filed by non-lawyer complainants, courts often construe the naming

requirement liberally.  See <u>Kouri v. Todd</u>, 743 F. Supp. 448, 451 (E.D. Va. 1990) (citing <u>Alvarado v. Board of Trustees</u>, 848 F.2d 457, 460 (4th Cir. 1988)).  An example of such is the "substantial-identity exception." <u>See, e.g.</u>, <u>McDaniel v. Greyhound Lines, Inc.</u>, No. 3:08-CV-130-FDW, 2008 WL 2704774, at *1 (W.D.N.C. July 7, 2008).  This exception allows unnamed respondents in the EEOC charge to be held liable in civil actions where they have been given adequate notice by the administrative charge.  <u>Id.</u>  Factors for determining substantial-identity include:

> (1) Whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interests of a named party [party] are so similar as the unnamed party's that for the purposes of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

<u>Id.</u>

The Court views the first and third factors as most significant to the case at bar.  Even though Dr. Christenbury's name was not written in the "Name" box of the EEOC charges, his name appears numerous times throughout the documents.  And not only is his name referenced numerous times, a brief reading of the charge particulars reveals that his alleged conduct was the impetus for and central focus of Plaintiff's charges. (Docs. Nos. 33-2 and 33-4).  Furthermore, Dr. Christenbury purportedly did receive actual notice of both charges and was even interviewed during the EEOC investigation. (Doc. No. 37-1, p. 2-3.)  Given the facts alleged, the Court determines that substantial identity exists such that Dr. Christenbury was not prejudiced. <u>See</u> <u>Kouri v. Todd</u>, 743 F. Supp. 448, 453 (E.D. Va. 1990) (holding that where a Title VII administrative charge named only a corporate employer, but the core of the charge concerned an individual

employee's conduct, and the employee received notice and was not prejudiced, the technical failure to name the employee in the EEOC charge did not bar subsequent civil action). Accordingly, the Court rejects Defendants' argument.

### b. Dr. Christenbury could be held individually liable for a violation of Title VII under a theory of piercing the corporate veil.

Defendants further argue that Dr. Christenbury cannot be individually liable for a violation of Title VII because liability under Title VII extends only to employers. (Doc. No. 29, p. 5). Plaintiff contends that Dr. Christenbury may be found individually liable under a theory of piercing the corporate veil. (Doc. No. 37, p. 7). For the following reasons, this Court determines that Plaintiff alleges sufficient facts to support a veil piercing theory.

In general, a supervisor may not be held liable in their individual capacity for Title VII violations. Lissau v. Southern Food Service, Inc., 159 F.3d 177, 180 (4th Cir. 1998). Given certain circumstances, however, an individual can be held liable for Title VII violations under a corporate veil piercing theory. Burnette v. Austin Med., Inc., No. 1:11CV52, 2011 WL 1769445, at *4 (W.D.N.C. Apr. 14, 2011), report and recommendation adopted, No. 1:11CV52, 2011 WL 1754166 (W.D.N.C. May 9, 2011) (citations omitted) ("an individual who is not a formal employer of a plaintiff under the statute can, in limited circumstances, be a proper defendant under Title VII under a piercing the corporate veil theory."). A Title VII violation alone, however, is insufficient to pierce the corporate veil; the party seeking to pierce must demonstrate that the defendant has abused the corporate form and that piercing the corporate veil is necessary to prevent injustice or fundamental unfairness. See id. at 5; see also DeWitt Truck Brokers, Inc. v. W. Ray Flemming

Fruit Co., 540 F.2d 681, 687 (4th Cir.1976); see also Mayes v. Moore, 419 F.Supp.2d 775, 781 (M.D.N.C. 2006).

The question here is whether Plaintiff has alleged facts sufficient to support a veil piercing theory. A court may disregard the corporate form and impose liability under the alter-ego theory when (1) the shareholder dominates and controls the organization and (2) imposing such liability is needed to avoid injustice. Mayes, 419 F.Supp.2d at 781. Courts have stated that fraud; gross undercapitalization; failure to observe corporate formalities; siphoning of the corporation's funds; non-functioning of officers and directors; absence of corporate records; and the fact that the corporation is merely a facade, are all relevant factors to be considered. See e.g., id. While the plaintiff carries a heavy burden when attempting to pierce the corporate veil, North Carolina courts recognize the equitable nature of alter ego theory, and as a result they do not focus on the presence or absence of a particular factor, but instead apply the doctrine flexibly to avoid injustice. Avanti Hearth Prod., LLC v. Janifast, Inc., No. 3:10-CV-00019-FDW, 2010 WL 3081371, at *5 (W.D.N.C. Aug. 6, 2010).

Plaintiff alleges, among other things, that Dr. Christenbury owns, operates, and controls CEC; refers to himself as a "God" of LASIK during CEC staff meetings; has been fraudulently transferring and hiding CEC's assets in anticipation of litigation; and has a pattern of "using CEC to shield himself from personal liability in order to commit unlawful acts." (Doc. No. 23).

These allegations assert facts sufficient to support a plausible argument for piercing the corporate veil and holding Dr. Christenbury personally liable for his alleged Title VII violations. If after discovery, however, the evidence indicates that piercing the corporate veil is not

appropriate, then Plaintiff's Title VII claim against Dr. Christenbury would be subject to dismissal at that time.

**B. Plaintiff's wrongful discharge in violation of public policy claims against CEC and Dr. Christenbury survive.**

   **a. Plaintiff properly states a claim for wrongful discharge in violation of public policy as set forth in NCEEPA.**

Defendants argue that Plaintiff's wrongful discharge in violation of public policy ("WDPP") claim should be dismissed because North Carolina courts have repeatedly rejected attempts by plaintiffs to bring wrongful discharge claims under the North Carolina Equal Employment Practices Act ("NCEEPA") based on allegations of retaliation. (Doc. No. 29, p. 7).

While the Fourth Circuit has held that there is no private right of action under the NCEEPA for sexual harassment, it has determined that there is a private right of action under North Carolina common law for violation of public policy, specifically the NCEEPA, when an employee is discharged for refusing the sexual advances of her supervisor. See e.g., Smith v. First Union National Bank, 202 F. 3d 234, 247 (4th Cir. 2000); McLean v. Patten Communities, Inc., 332 F.3d 714, 722 (4th Cir. 2003). In other words, the Fourth Circuit allows those claims that allege wrongful discharge because of the plaintiff's refusal of sexual advances from her supervisor but disallows claims that merely allege sexual harassment and not wrongful discharge. See Townsend v. Shook, 323 Fed. Appx. 245, 251 (4th Cir. 2009) ("The distinguishing feature between the claim disallowed in Smith and the claim allowed in McLean, is that the claim allowed in McLean alleged a wrongful discharge because of the plaintiff's refusal of sexual favors to her supervisor, while the

claim disallowed in <u>Smith</u> did not allege wrongful discharge, just sexual harassment."). Consequently, a claim of wrongful discharge under the NCEEPA is actionable, but any additional state claims, separate from the claim of wrongful discharge, asserted under the NCEEPA should be dismissed. <u>Moore v. Time Warner Cable, Inc.</u>, No. CIV.3:09CV3-V, 2009 WL 3754225, at *5 (W.D.N.C. Nov. 5, 2009).

Here, Plaintiff asserts a claim for wrongful discharge in violation of public policy set forth in NCEEPA based on sex against CEC and Dr. Christenbury. (Doc. No. 23, p. 39).   This Court finds that such a claim is consistent with claims allowed by the Fourth Circuit in <u>McLean</u> and this Court in <u>Chambers v. Ashley Furniture Industries, Inc.</u> No. 3:10CV362-RJC-DSC, 2010 WL 4977102, at *5 (W.D.N.C. Nov. 9, 2010), <u>report and recommendation adopted</u>, No. 3:10-CV-362-RJC-DSC, 2010 WL 4975495 (W.D.N.C. Dec. 1, 2010).

Accordingly, Plaintiff's claim for wrongful discharge in violation of public policy based on sex survives.

> **b. Dr. Christenbury can be held individually liable for a claim of wrongful discharge in violation of public policy.**

Defendants further argue that Plaintiff's wrongful discharge claim fails because it cannot be brought against Dr. Christenbury as an individual. (Doc. No. 29, p. 8).

While the NCEEPA does permit a claim of wrongful discharge, such claims must be brought against employers, not supervisors or employees.  <u>See e.g.</u>, <u>Di Wang v. WOW Brows</u>, No. 1:14CV566, 2014 WL 5808370, at *2 (M.D.N.C. Nov. 7, 2014).

Plaintiff argues, however, that Dr. Christenbury is individually liable for this claim through a theory of piercing the corporate veil.  Because the Court determined above that Plaintiff has pled

sufficient facts to support piercing the corporate veil, Plaintiff's claim for wrongful discharge in violation of public policy against Dr. Christenbury survives.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendants' partial Motion to Dismiss (Doc. No. 28) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure is DENIED. As stated above, Plaintiff alleges sufficient facts to support her claims such that dismissal is not appropriate at this time. The Court's ruling is without prejudice so that Defendants' may reassert their arguments at summary judgment following discovery.

IT IS SO ORDERED.

Signed: December 5, 2017

Frank D. Whitney
Chief United States District Judge