UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00474-FDW-DSC

| | | |
|---|---|---|
| NILOUFAR SANIRI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| CHRISTENBURY EYE CENTER, P.A., | ) | |
| JONATHAN CHRISTENBURY, M.D., and | ) | |
| ELLIE PENA-BENARROCH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

THIS MATTER is before the Court *sua sponte* following Defendant's, Jonathan Christenbury, M.D., filing of a "Suggestion of Bankruptcy" (Doc. No. 44). The Suggestion indicates that on January 16, 2018, Christenbury filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code 11 USC. §§ 701 et seq., as amended in the United States Bankruptcy Court for the Western District of North Carolina (the "Bankruptcy Court"), Case No. 18-30058. The Court hereby takes judicial notice of the docket in the aforementioned proceeding. Pursuant to 11 U.S.C. § 362, the bankruptcy filing resulted in a stay of all proceedings against the debtor, the effects of which have been felt in the case at bar. Although no party has requested such, this Court, acting *sua sponte*, will WITHDRAW REFERENCE from the Bankruptcy Court in order to allow for the resolution of this matter.

Pursuant to 28 U.S.C. § 1334, the United States District Courts have original jurisdiction over all bankruptcy matters and related proceedings. Nevertheless, 28 U.S.C. § 157(a) permits district courts to refer bankruptcy matters to the bankruptcy courts, which this district does. Under

28 U.S.C. § 157(d), the district court is permitted to withdraw–in whole or in part–any case or

proceeding that is referred pursuant to 28 U.S.C. § 157.  Such withdrawal may be upon the motion

of a party or "on its own motion." 28 U.S.C. § 157(d).  The district court's withdrawal is either

mandatory or permissive.  Mandatory withdrawal occurs when "resolution of the proceeding

requires consideration of both Title 11 and other laws of the United States regulating organizations

or activities affecting interstate commerce." Id.  On the other hand, "[p]ermissive withdrawal of

the reference to the bankruptcy court is within the sound discretion of the district court and is

predicated upon cause shown on a case-by-case basis." In Re: TMG Liquidation Co., 2012 WL

1986526, 7:12-629 (D.S.C. 2012). Here, the Court need not decide whether withdrawal is

mandatory, but instead exercises its discretion "for cause shown."

    While neither the statute nor the Fourth Circuit have explicitly defined "cause," see In re

U.S. Airways Group, Inc., 296 B.R. 673, 681 (E.D.Va. 2003), (collecting cases from other circuits

discussing relevant factors to determine "cause shown"), several district courts within the Fourth

Circuit have considered the following factors:

> (1) whether the proceeding is core or non-core; (2) the uniform administration of
> bankruptcy proceedings; (3) expediting the bankruptcy process and promoting
> judicial economy; (4) the efficient use of debtors' and creditors' resources; (5) the
> reduction of forum shopping; and (6) the preservation of the right to a jury trial.
> Vieira v. AGM, II, LLC, 366 B.R. 532, 538 (D.S.C.2007) (citing In re U.S.
> Airways Group, Inc., 296 B.R. 673, 681 (E.D.Va.2003)).

In re Joe Gibson's Auto World, Inc., 7:11-2482-TMC, 2012 WL 1107763 (D.S.C. Apr. 2, 2012).

    Here, the factors weigh substantially in favor of withdrawal.  Christenbury's bankruptcy

filing and the automatic stay of this action has already hampered the parties' ability to conduct

discovery and, should the stay remain in effect, will impact dispositive motions and trial.

    IT IS THEREFORE ORDERED that this Court will exercise its discretion to withdraw

reference of Jonathan David Christenbury (Case No. 18-30058) from the Bankruptcy Court.

IT IS FURTHER ORDERED that the Court also *sua sponte* lifts the bankruptcy stay as to this litigation.

IT IS FURTHER ORDERED that for all other intents and purposes, the stay pursuant to 11 U.S.C. § 362 otherwise remains in full effect. Furthermore, the Court hereby REFERS and returns back to the bankruptcy court all other aspects of this case.

IT IS FURTHER ORDERED that Plaintiff's Motion to Stay Discovery and Proceedings (Doc. No. 64) is DENIED AS MOOT; the parties will proceed in accordance with the deadlines enumerated in the Case Management Order (Doc. No. 40).

Finally, the Clerk's office is respectfully DIRECTED to send a certified copy of this Order to all counsel of record in this case and to the United States Bankruptcy Court for the Western District of North Carolina. The Court further requests the Clerk for the Bankruptcy Court to file a copy of this Order in the case of Jonathan David Christenbury (Case No. 18-30058).

IT IS SO ORDERED.

Signed: March 13, 2018

Frank D. Whitney
Chief United States District Judge